IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GCIU-EMPLOYER RETIREMENT FUND, | ) | |
| | ) | |
| BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND, | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 20-cv-1380 |
| WAYNE PRINTING COMPANY, an Illinois corporation, | ) ) ) | JUDGE |
| Defendant. | ) ) | |

## COMPLAINT

NOW COME Plaintiffs, GCIU-EMPLOYER RETIREMENT FUND ("Pension Fund") and BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND ("Plaintiffs"), by their attorneys, complaining of the Defendant, WAYNE PRINTING COMPANY, an Illinois corporation, and allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"), and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185(a) (hereinafter referred to as "LMRA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs brings this action as an "employee pension benefit fund," and "plan," under ERISA and the LMRA. Defendant resides within this District and Division. Accordingly, venue is appropriate under 29 U.S.C. §1132(e)(2).

3. Defendant is an Illinois corporation, with its principal place of business located at 7917 N. Kickapoo-Edwards Road, Edwards, Illinois 61528-9579. Defendant is an "employer" under ERISA and the LMRA.

4. Defendant is obligated to make fringe benefit contributions to the Plaintiff Fund under the terms of the Trust Agreement establishing and outlining the administration of the Fund, and pursuant to the terms of a collective bargaining agreement entered into by Defendant and The Graphic Communications Conference Local 568M chartered by The Graphic Communications Conference/International Brotherhood of Teamsters, which represents a bargaining unit of Defendant's employees, the members of which are beneficiaries of the Fund. A copy of the collective bargaining agreement is attached as Exhibit 1.

5. As an employer obligated to make fringe benefit contributions to the Plaintiff Fund, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the following month, a contribution reporting form identifying the total hours worked or paid in such month for each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs;

(b) To accompany the aforesaid reports with payment of contributions based upon the actual number of hours worked by each covered employee, including overtime, vacation, sick, holiday and probationary hours;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages of ten percent (10%) of the amount of contributions owed, or twenty five dollars ($25), whichever is greater for those contributions, which are not timely received by Plaintiffs for a particular month;

  (e)  To pay Plaintiffs interest on late employer contributions at the rate of ten (10) percent per annum, until paid, computed from the contribution due date;

  (f)  To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

  (g)  To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred to compel Defendant to submit its payroll books and records for audit, or to recover delinquent contributions;

  6.  Pursuant to the terms of the Rehabilitation Plan for the GCIU-Employer Retirement Fund, as of January 1, 2012, employers, including Defendant, are to pay a 25% contribution increase.

  7.  The terms of the Rehabilitation Plan also states:

"Minimum Total Annual Contribution by Employer

...Effective for each calendar year on or after the adoption of the rehabilitation plan by the bargaining parties, the required minimum total annual contribution (including the base contribution and the rehabilitation plan contribution increases) for each employer (determined on a contract-by-contract basis) will be no less than the total annual contribution for that employer from September 1, 2008 through August 31, 2009."

A copy of the Rehabilitation Plan is attached as Exhibit 2.

  8.  The total annual contributions for the base period September 1, 2008 through August 31, 2009 was $844.00. For the period January 1, 2019 through December 31, 2019, the total annual contribution was $467.50. Accordingly, an additional $376.50 is due under the Rehabilitation Plan.

  9.  On May 4, 2020, June 17, 2020 and July 29, 2020, Plaintiff Fund sent letters to Defendant requesting the additional $376.50 due and owing under the Rehabilitation Plan, but Defendant has failed and refused to submit said amount (copies of the letters dated May 4, 2020, June 17, 2020 and July 29, 2020 are attached as Exhibit 3).

10. Defendant is delinquent and has breached its obligations to Plaintiff Fund and its obligations under the Plan in the following respects:

(a) Defendant has failed and refused to submit all of its reports to Plaintiffs due for November 2019 forward and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is further obligated to pay liquidated damages and interest on all contributions reported and paid late, or remaining unpaid, but has failed and refused to make payment of said liquidated damages and interest (a copy of the January 6, 2020 letter to Defendant demanding the delinquent remittance report for November 2019 is attached as Exhibit 4);

(b) Defendant has failed to reissue its payment of $4,648.00 for the period of March 1, 2013 through May 3, 2019 to correct a previous reporting error.

11. Pursuant to the Trust Agreement and the collective bargaining agreement entered in to by Defendant, Plaintiffs are entitled to examine the payroll books and records of an Employer required to make contributions to the Plaintiff Fund, said audit for the time period May 4, 2019 forward being necessary due to Defendant's failure to submit all of its reports to Plaintiffs due for November 2019 forward.

12. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $5,994.10 known to be due Plaintiff Fund from Defendant, subject, however, to the possibility that additional monies may be due Plaintiff Fund from Defendant based upon the continuing accrual of interest, and Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted. The amounts due are further subject to change based on the possibility that additional contributions, liquidated damages and interest will come due during the pendency of this lawsuit.

13. Plaintiff Fund has requested Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

14. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(a) That an accounting be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by and paid to such employees to determine amounts due to the Plaintiff, covering the period May 4, 2019 forward, during which time the collective bargaining agreement is effective;

(b) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiff with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(c) That judgment be entered in favor of Plaintiff and against Defendant for all unpaid contributions, Rehabilitation Plan increases, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiff's reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Trust Agreement and in ERISA;

(d) That Plaintiff has such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon - Lead Counsel
Catherine M. Chapman
Attorneys for Plaintiff
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: 312/216-2577
Telefax: 312/236-0241
E-Mail: cscanlon@baumsigman.com

I:\GCIU\Wayne Printing\complaint-revised.cms.df.wpd